IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL MUNCY, #48285-177, Petitioner, | § § § § | |
| v. | § § | CIVIL NO. 3:16-CV-2042-D-BK (Criminal No. 3:14-CR-249-D-(01)) |
| UNITED STATES OF AMERICA, Respondent. | § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner's July 8, 2016 *pro se* motion for extension of time to file a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the United States Magistrate Judge. Doc. 2. For the reasons that follow, it is recommended that the motion for extension of time be dismissed for want of jurisdiction.

On January 26, 2015, the Court sentenced Petitioner to 86 months' imprisonment for being a felon in possession of a firearm. Petitioner did not appeal. He now requests an extension of time to file a section 2255 motion based on *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551, 2563 (2015), which held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act (ACCA), 28 U.S.C. § 924(e), violates the Constitution's guarantee of due process. Doc. 1 at 1. However, his motion for extension is not accompanied by a proposed section 2255 motion.

Federal courts lack jurisdiction to consider the timeliness of a section 2255 motion until it is actually filed. *See United States v. McFarland*, 125 F. App'x 573, 574 (5th Cir. Apr. 6, 2005) (quoted case omitted) (*per curiam*) ("Before the [2255] petition itself is actually filed, 'there is

no case or controversy to be heard, and any opinion we were to render on the timeliness would be merely advisory.'"). Thus, until Petitioner files a section 2255 motion, there is neither an adverse party before the Court nor a concrete dispute for the Court to decide. *See, e.g., United States v. Bautista*, 548 F. App'x 254 (5th Cir. 2013) (per curiam) (affirming denial of motion for extension of time to file a section 2255 motion because the district court lacked jurisdiction to entertain the motion for extension of time).[1]

For the foregoing reasons, it is recommended that Petitioner's request for extension of time to file a section 2255 motion be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

**SIGNED** July 22, 2016.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] Neither the 2255 Rules nor the Federal Rules of Civil Procedure contemplate the filing of a motion for extension of time to file a federal habeas petition. Furthermore, section 2255 does not authorize federal courts to prospectively extend, stop or toll the one-year statute of limitations. *See* 28 U.S.C. § 2255(f).

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); F%ED. R. C%IV. P. 72(b). In <u>order</u> to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE